**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **IN RE YASMIN AND YAZ** | : | |
| **(DROSPIRENONE) MARKETING,** | : | **3:09-md-02100-DRH-CJP** |
| **SALES PRACTICES AND** | : | |
| **RELEVANT PRODUCTS** | : | **MDL No. 2100** |
| **LIABILITY LITIGATION** | : | |
| | : | **Judge David R. Herndon** |
| _____ | : | |
| **VICTORIA ANDERSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **No. 3:10-CV-12145-DRH-PMF** |
| **vs.** | : | |
| | : | |
| **BAYER HEALTHCARE** | : | |
| **PHARMACEUTICALS INC., et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**FEE ORDER**

**HERNDON, District Judge:**

This matter was called for a status conference on November 16, 2018 (doc. 30). Plaintiff, who is pro se though an attorney by education and employment, as well as the counsel who previously represented her, appeared by phone. Defense counsel appeared in court.

This case settled prior to a show cause hearing conducted by the undersigned on June 7, 2018 (doc. 19). At that time, the only remaining issue was that which concerned attorney fees and liens. The Court issued an order on July 30, 2018 resolving that dispute (doc. 21). Since that time, no motions have been filed that suggest that this case is still at issue.

1

However, there is no agreement among the parties regarding the issues discussed herein. In light of the Court's previous Order regarding attorney fees and expenses, the Court hereby makes findings regarding how the settlement funds herein are to be allocated. Therefore, the Court **ORDERS** Lopez McHugh LLP, the administrator of the Qualified Settlement Fund ("QSF"), which has possession of said funds by way of deposit in a financial institution as directed, to distribute the settlement fund in separate checks to the persons to whom those funds are hereby found to be rightfully entitled to the funds. Consequently, the funds shall be distributed by check or wire transfer to the individuals or firms named below in the amounts specified. Said funds shall not include any other payees as one might observe in the usual case where there is an attorney's fee and the associated lien must be honored. With the Court's action herein, the attorneys' fee liens are found and directed to be satisfied.

Therefore, the QSF administrator, Lopez McHugh LLP, is directed to distribute the settlement funds as follows:

| | |
|---|---|
| **(Total Settlement Fund:** | **$210,000.00**) |
| Plaintiff Victoria Anderson: | $111,423.74 |
| Girard Gibbs/Danko Meredith law firms; fee | $ 70,580.69 |
| Girard Gibbs/Danko Meredith law firms; expenses | $ 1,005.83 |
| Siethel Law Firm LLC, fees: | $ 2,792.89 |
| Siethel Law Firm LLC, expenses: | $ 5,081.92 |
| Lopez McHugh LLP | $ 2,792.89 |
| Sugarman Law LLC | $ 5,585.79 |
| Rawlings Group (medical lien) | $ 10,736.25 |

Each of the law firms above shall, within 48 hours of the receipt of the funds above, file with the Court and forward to counsel for the defendants a declaration that they release the liens previously forwarded to defendants on the basis that the Order of the court has been fulfilled with the receipt of the funds.

The Clerk is directed to enter a judgment in this case reciting that the matter has been settled by the parties, each to pay their own expenses of litigation, and dismissing the case with prejudice. Thereafter, any party may pursue any post-judgment remedy they are inclined to pursue. Clerk to close the file.

**IT IS SO ORDERED.**

Judge Herndon
2018.11.28
15:27:22 -06'00'

**United States District Judge**